# Exhibit A



**CORPORATION SERVICE COMPANY**®

# Notice of Service of Process

**TV / ALL**
**Transmittal Number: 12504682**
**Date Processed: 05/08/2014**

| | |
|---|---|
| Primary Contact: | Milana Ashirov<br>Midland Credit Management, Inc.<br>3111 Camino del Rio North<br>Suite 1300<br>San Diego, CA 92108 |

| | |
|---|---|
| **Entity:** | Midland Credit Management, Inc<br>Entity ID Number  1682419 |
| **Entity Served:** | Midland Credit Management Inc. |
| **Title of Action:** | Barbara J. Ford vs. Midland Credit Management Inc. |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Violation of State/Federal Act |
| **Court/Agency:** | Wyandotte County District Court, Kansas |
| **Case/Reference No:** | 14LM2210 |
| **Jurisdiction Served:** | Kansas |
| **Date Served on CSC:** | 05/08/2014 |
| **Answer or Appearance Due:** | 10 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| Sender Information: | A.J. Stecklein<br>913-371-0727 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
*CSC is SAS70 Type II certified for its Litigation Management System.*
2711 Centerville Road   Wilmington, DE 19808  (888) 690-2882  |  sop@cscinfo.com

# DISTRICT COURT OF WYANDOTTE COUNTY, KANSAS
## LIMITED ACTIONS DEPARTMENT

FOR CLERK'S USE ONLY

| | |
|---|---|
| PLAINTIFF | PHONE NO: (913)371-0727 |

Barbara J. Ford

748 Ann Avenue
ADDRESS

| Kansas City | Kansas | 66101 |
|---|---|---|
| CITY | STATE | ZIP |

Vs        DEFENDANT

Midland Credit Management Inc.

8875 Aero Drive  Suite 200
ADDRESS
San Diego CA 92123

| CITY | STATE | ZIP |
|---|---|---|

Case No. 14Cm 2210 Division No. 11

## LIMITED ACTION
### PURSUANT TO K.S.A. CHAPTER 61
## SUMMONS

**You must be present in Count on the** 23rd **day of** June **, 20**14 **at** 9 **a.m., or file your answer before said time and date.** If you appear and dispute the petition you must file your answer with the clerk of this Court within 10 days thereafter. If you are served outside of Kansas you may file your answer in writing within 30 days after service of summons upon you.

## TO THE ABOVE NAMED DEFENDANT(S):

YOU ARE HEREBY NOTIFIED that an action has been commenced against you in this Court. You must answer to the petition, which is herewith served upon you, and serve a copy of your answer upon Plaintiff's attorney **A.J. Stecklein, 748 Ann Avenue, Kansas City, Kansas 66101,** within the time specified above.

**If you do not obey this summons,** judgment by default will be taken against you for the relief demanded in the petition. Your responsive pleading may state as a counterclaim any related claim you may have against the Plaintiff.

**If you are not represented by an attorney your answer shall be signed by you.** The answer shall state the following:
(1) What the dispute is, (2) any affirmative defenses you have to the claim, (3) Any claim you have against the Plaintiff which arises out of the transaction or occurrence which is the subject of the Plaintiff's claim, and (4) Your or your attorney's current address, phone number, facsimile number and electronic mail address.

**You must also promptly send a copy of your answer to the Plaintiff's attorney or the Plaintiff, if the Plaintiff has no attorney.**

Dated: 5·1·14

Clerk of the District Court/Deputy

------------------------------------------------------------------------------
Return is due no later than 5 days before the date stated in the summons for the Defendant to either appear or plead to the petition.
------------------------------------------------------------------------------
--------------------------------RETURN OF SERVICE OF SUMMONS--------------------------------
I hereby certify under oath that I served this summons:

☐ PERSONAL SERVICE: By delivering a copy of said summons and a copy of the petition to the defendant on _____, 20___

☐ RESIDENCE SERVICE: By leaving a copy of said summons and a copy of the petition at the usual place of residence of the defendant on _____, 20____ with _____, a person of suitable age and discretion therein at _____

☐ AGENT SERVICE: By delivering a copy of said summons and a copy of the petition to the agent _____, authorized by appointment or by law to receive service of process on _____, 20___

☐ RESIDENCE SERVICE MAILING: By leaving a copy of said summons and a copy of the petition at the usual place of residence of the defendant and mailing by first-class mail a notice that such copies have been left on _____, 20____ at _____

☐ CERTIFIED MAIL SERVICE: By mailing, by first class mail, postage prepaid, a copy of said summons and a copy of the petition to the defendant on _____, 20____. The name and address on the envelope read: _____.

☐ NO SERVICE: The defendant was not found in this county.

| Dated_____ | By _____ |
|---|---|
| Process Server Signature | |

FOR CLERK'S USE ONLY

# DISTRICT COURT OF WYANDOTTE COUNTY, KANSAS
## LIMITED ACTIONS DEPARTMENT

| | | |
|---|---|---|
| PLAINTIFF | PHONE NO: (913) 371-0727 | |

Barbara J. Ford

748 Ann Avenue
ADDRESS

| Kansas City | Kansas | 66101 |
|---|---|---|
| CITY | STATE | ZIP |

Vs      DEFENDANT

Midland Credit Management Inc.

8875 Aero Drive  Suite 200
ADDRESS
San Diego CA 92123

| CITY | STATE | ZIP |
|---|---|---|

Case No 14 cm 2210 Division No 11

## LIMITED ACTION
### PURSUANT TO K.S.A. CHAPTER 61
### SUMMONS

**You must be present in Count on the** 23rd **day of** June **, 20**14 **at** 9 **a.m., or file your answer before said time and date.** If you appear and dispute the petition you must file your answer with the clerk of this Court within 10 days thereafter. If you are served outside of Kansas you may file your answer in writing within 30 days after service of summons upon you.

## TO THE ABOVE NAMED DEFENDANT(S):
YOU ARE HEREBY NOTIFIED that an action has been commenced against you in this Court. You must answer to the petition, which is herewith served upon you, and serve a copy of your answer upon Plaintiff's attorney **A.J. Stecklein, 748 Ann Avenue, Kansas City, Kansas 66101,** within the time specified above.

**If you do not obey this summons,** judgment by default will be taken against you for the relief demanded in the petition. Your responsive pleading may state as a counterclaim any related claim you may have against the Plaintiff.

**If you are not represented by an attorney your answer shall be signed by you.** The answer shall state the following: (1) What the dispute is, (2) any affirmative defenses you have to the claim, (3) Any claim you have against the Plaintiff which arises out of the transaction or occurrence which is the subject of the Plaintiff's claim, and (4) Your or your attorney's current address, phone number, facsimile number and electronic mail address.

**You must also promptly send a copy of your answer to the Plaintiff's attorney or the Plaintiff, if the Plaintiff has no attorney.**

Dated: 5·1·14

_____
Clerk of the District Court/Deputy

--------------------------------------------------------------------------------------------------------
Return is due no later than 5 days before the date stated in the summons for the Defendant to either appear or plead to the petition.

--------------------------------RETURN OF SERVICE OF SUMMONS--------------------------------
I hereby certify under oath that I served this summons

☐ PERSONAL SERVICE: By delivering a copy of said summons and a copy of the petition to the defendant on _____, 20___

☐ RESIDENCE SERVICE: By leaving a copy of said summons and a copy of the petition at the usual place of residence of the defendant on _____, 20___ with _____, a person of suitable age and discretion therein at _____

☐ AGENT SERVICE: By delivering a copy of said summons and a copy of the petition to the agent _____, authorized by appointment or by law to receive service of process on _____, 20___

☐ RESIDENCE SERVICE: By leaving a copy of said summons and a copy of the petition at the usual place of residence of the defendant and mailing by first-class mail a notice that such copies have been left on _____, 20___ at _____

☐ CERTIFIED MAIL SERVICE: By mailing, by first class mail, postage prepaid, a copy of said summons and a copy of the petition to the defendant on _____, 20___. The name and address on the envelope read: _____

☐ NO SERVICE: The defendant was not found in this county.

| | |
|---|---|
| Dated_____ | By_____ |
| Process Server Signature | |

FOR CLERK'S USE ONLY

# DISTRICT COURT OF WYANDOTTE COUNTY, KANSAS
**LIMITED ACTIONS DEPARTMENT**

PLAINTIFF                    PHONE NO: (913) 371-0727

Barbara J. Ford

748 Ann Avenue
ADDRESS
Kansas City                 Kansas              66101
CITY                        STATE               ZIP

Vs      DEFENDANT

Midland Credit Management Inc.

8875 Aero Drive  Suite 200
ADDRESS
San Diego CA 92123
CITY                        STATE               ZIP

Case No. 14 Lm 2210 Division No. 11

## LIMITED ACTION
## SUMMONS
PURSUANT TO K.S.A. CHAPTER 61

**You must be present in Count on the** 23<u>rd</u> **day of** <u>June</u>, 20 14 **at** 9 **a.m., or file your answer before said time and date.** If you appear and dispute the petition you must file your answer with the clerk of this Court within 10 days thereafter. If you are served outside of Kansas you may file your answer in writing within 30 days after service of summons upon you.

## TO THE ABOVE NAMED DEFENDANT(S):
YOU ARE HEREBY NOTIFIED that an action has been commenced against you in this Court. You must answer to the petition, which is herewith served upon you, and serve a copy of your answer upon Plaintiff's attorney **A.J. Stecklein, 748 Ann Avenue, Kansas City, Kansas 66101,** within the time specified above.
**If you do not obey this summons, judgment by default will be taken against you for the relief demanded in the petition.** Your responsive pleading may state as a counterclaim any related claim you may have against the Plaintiff.
**If you are not represented by an attorney your answer shall be signed by you.** The answer shall state the following:
(1) What the dispute is, (2) any affirmative defenses you have to the claim, (3) Any claim you have against the Plaintiff which arises out of the transaction or occurrence which is the subject of the Plaintiff's claim, and (4) Your or your attorney's current address, phone number, facsimile number and electronic mail address.
**You must also promptly send a copy of your answer to the Plaintiff's attorney or the Plaintiff, if the Plaintiff has no attorney.**

Dated: 5·1·14                                   _Furdeski_
                                        Clerk of the District Court/Deputy

--------------------------------------------------------------------------------
Return is due no later than 5 days before the date stated in the summons for the Defendant to either appear or plead to the petition.

--------------------------------------------**RETURN ON SERVICE OF SUMMONS**--------------------------------------------
I hereby certify under oath that I served this summons
☐ PERSONAL SERVICE: By delivering a copy of said summons and a copy of the petition to the defendant on
_____, 20_____
☐ RESIDENCE SERVICE: By leaving a copy of said summons and a copy of the petition at the usual place of residence of the defendant on_____, 20_____ with _____, a person of suitable age and discretion therein at _____
☐ AGENT SERVICE: By delivering a copy of said summons and a copy of the petition to the agent _____, authorized by appointment or by law to receive service of process on _____, 20_____
☐ RESIDENCE SERVICE MAILING: By leaving a copy of said summons and a copy of the petition at the usual place of residence of the defendant and mailing by first-class mail a notice that such copies have been left on _____, 20_____ at _____
☐ CERTIFIED MAIL SERVICE: By mailing, by first class mail, postage prepaid, a copy of said summons and a copy of the petition to the defendant on _____, 20_____. The name and address on the envelope read: _____
☐ NO SERVICE: The defendant was not found in this county.

Dated_____                   By_____
Process Server Signature

In the District Court of Wyandotte County, Kansas
Limited Actions Department

FILED

2014 MAY -1 PM 3: 21

CLERK DISTRICT COURT
WYANDOTTE COUNTY KANSAS

DEPUTY

Barbara J. Ford,

Plaintiff,

vs.

Midland Credit Management Inc.

Defendant.

Case Number: 14LM2270

Division: 11

6/23

## PETITION

### COUNT I
**(Assessing interest for which Defendant is not entitled by contract or law - Violation of the Fair Debt Collections Practices Act – 15 U.S.C. §1692 et seq.)**

Comes now Plaintiff Barbara J. Ford and for Plaintiff's petition against Defendant

Midland Credit Management Inc. hereby alleges as follows:

1.      Plaintiff is a natural person residing in Kansas.

2.      Defendant regularly conducts business in the state of Kansas.

3.      Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(2) and is alleged to have owed a "debt" of a personal, family, or household nature, as defined by 15 U.S.C. §1692a(5).

4.      Defendant is regularly engaged in the third-party collection of consumer debt and are "debt collectors" as defined by the Fair Debt Collection Practices Act (hereafter FDCPA), at U.S.C. §1692a(6).

5.      Defendant is engaged in the business of purchasing and collecting "charged-off" consumer accounts alleged to have been originally owed to others

(hereinafter "originating creditor").

6.      Defendant has made a demand upon Plaintiff, alleging that it has purchased a consumer account from the originating creditor and, pursuant to that purchase, and now alleges that it stands in the shoes of the originating creditor and is entitled to enforce the account. See Exhibit A.

7.      Therefore, Defendant had assessed interest on the alleged debt after it was charged off by the original creditor, Capital One.

8.      The Truth in Lending Act (TILA) regulates the type of account at issue in this case.

9.      TILA requires a creditor to send periodic statements to the debtor each billing cycle if there is an outstanding balance on an account where finance charge is imposed. 15 U.S.C. § 1637(b).

10.     That required periodic statement must contain certain required information which describes what and how the creditor is assessing interest and finance charges. 15 U.S.C. § 1637(b).

11.     Consistent with 15 U.S.C. § 1637(b), Regulation Z also requires creditors to "mail or deliver a periodic statement as required by [12 C.F.R.] § 226.7 for each billing cycle at the end of which an account has a debit or credit balance of more than $1 or on which a finance charge has been imposed." *Id.* at § 226.5(b) (2)(i).

12.     However, Regulation Z provides exceptions to this requirement that periodic statements be sent and enables creditors to *not* send those required periodic statements if the creditor does certain things.

13.     One of those exceptions is if the creditor has charged-off the account in

2

accordance with loan-loss provisions and <u>will not charge any additional fees</u> or <u>interest on the account</u>. *Id.* at § 226.5(b) (2)(i).

14.     Therefore, under applicable regulations, Capital One was required to send periodic statements to Plaintiff until it "charged-off the account in accordance with loan-loss provisions and will not charge any additional fees or interest on the account" <u>12 C.F.R. § 226.5(b)(2)(I)</u>.

15.     Previous to the alleged purchase of the account by the Defendant from Capital One, Capital One charged-off an account alleged to have been incurred by Plaintiff.

16.     Because Capital One had charged-off the account, it was not required to send periodic statements to Plaintiff as would otherwise be required by law.

17.     Therefore after charging-off the account, Capital One did not send any billing statements regarding the account to the debtor.

18.     Capital One took advantage of the charge off exception to enable it not to be required by send periodic billing statements.

19.     The legal tradeoff for entitling Capital One to take advantage of the charge off exception is that it was precluded by law from charging any additional fees or interest on the account.

20.     Therefore, after the account was written off, Capital One was precluded by law from charging additional fees or interest on the account because it had not sent out the periodic statements.

21.     Furthermore, Capital One had therefore waived its right to charge interest on the charged off account.   *Simkus v. Cavalry Portfolio Services, LLC,* 2012

3

WL 1866542 2012; *McDonald v. Asset Acceptance LLC*, Case No. 2:11-cv-13080, ED

Michigan 2013.

      22.        Defendant professes to be in the same shoes as Capital One.

      23.        Defendant would not acquire any greater rights than Capital One had

at the time of the alleged purchase.

      24.        At the time of the alleged purchase, Capital One did not have the legal

right to charge interest.

      25.        There is no legal basis for Defendant to charge interest on the charged-

off account for which Capital One failed to maintain periodic statements.

      26.        By assessing interest as due for which there was no legal basis,

Plaintiff violated 15 U.SC. 1692f which prohibits a debt collector from the collection of

any amount (including any interest, fee, charge, or expense incidental to the principal

obligation) unless such amount is expressly authorized by the agreement creating the debt

or permitted by law.

      27.        The Plaintiff was attempting to collect a consumer debt as defined by

15 USC §1692a(5) as an obligation or alleged obligation of a consumer to pay money

arising out of a transaction in which the money, property, insurance or services which are

the subject of the transaction are primarily for personal, family, or household purposes,

whether or not such obligation has been reduced to judgment.

      28.        The standard in determining whether the Plaintiff violated the FDCPA

is the least sophisticated consumer standard.  Claims should be viewed from the

perspective of a consumer whose circumstances make him relatively more susceptible to

harassment, oppression or abuse. *Schweizer v. Trans Union Corp.*, 136 F.3d 233, 237

(2nd Cir. 1998); *Swanson v. Southern Oregon Credit Service*, 869 F.2d 1222, 1225-27

(9th Cir. 1988); *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1172 -75 (11th Cir. 1985);

*Graziano v. Harrison*, 950 F.2d 107, 111 (3d Cir. 1991).

      29.      The above-described acts are misleading to the least sophisticated consumer.

      30.      Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

      31.      As a result of the above violations of the stated Act, the Defendant is liable to the Plaintiff for actual damages; statutory damages up to $1,000.00 pursuant to 15 U.S.C. §1692k; costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

      WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for actual damages; statutory damages pursuant to 15 U.S.C. §1692k; costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k; and for such other and further relief as may be just and proper.

## COUNT II
## VIOLATION OF KANSAS CONSUMER PROTECTION ACT

      COMES NOW Defendant, and as for Count II against Defendant, states and alleges as follows:

      32.      Plaintiff incorporates herein the preceding paragraphs as though fully set forth hereunder.

33.     Plaintiff is a consumer as defined by K.S.A. §50-624(b) of the Kansas Consumer Protection Act (KCPA).

34.     Defendant is a supplier of consumer products as defined by K.S.A. §50-624 and is subject to the requirements and provisions of the Kansas Consumer Protection Act.

35.     The transaction at issue is a consumer transaction as defined by K.S.A. §50-624(c).

36.     K.S.A §50-626 provides that "(a) No supplier shall engage in any deceptive act or practice in connection with a consumer transaction."

37.     The above-described actions of Defendant violated section K.S.A. § 50-626(b)(1) by falsely making *representations made knowingly or with reason to know that: (A) property or services have sponsorship, approval, accessories, characteristics, ingredients, uses, benefits or quantities that they do not have; and that (B) the supplier has a sponsorship, approval, status, affiliation or connection that the supplier does not have.*

38.     Furthermore, K.S.A §50-627 provides that "(a) No supplier shall engage in any unconscionable act or practice in connection with a consumer transaction. An unconscionable act or practice violates this act whether it occurs before, during or after the transaction."

39.     In determining whether an act or practice is unconscionable, K.S.A §50-626 provides that the Court shall consider circumstances of which the supplier knew or had reason to know, such as, but not limited to the following that:

> *(1) The supplier took advantage of the inability of the consumer reasonably to protect the consumer's interests because of the consumer's physical infirmity, ignorance, illiteracy, inability to understand the language of an agreement or similar factor; and*

6

*(6) the supplier made a misleading statement of opinion on which the consumer was likely to rely to the consumer's detriment.*

40.     Defendant's acts and omissions as described herein are deceptive pursuant to K.S.A. §50-626 and unconscionable pursuant to K.S.A. §50-627.

41.     By virtue of the actions of Defendant, Plaintiff was aggrieved by virtue of the imposition of some burden or obligation that federal law was designed to alleviate.

42.     Defendant's acts and omissions were willful and were part of a pattern of deceptive and unconscionable acts and practices.

43.     Each act or omission described above constitutes a separate violation of the Kansas Consumer Protection Act, K.S.A. §50-623, et seq.

44.     Because of Defendant's deceptive acts, is an aggrieved consumer, has been harmed, has incurred actual damages, and has incurred attorney fees.

WHEREFORE, Plaintiff respectfully prays for judgment on Count II against Defendant and requests the Court:

a.      Award actual damages and restitution to Plaintiff;

b.      If actual damages are less than $10,000.00, award statutory damages in an amount determined by the Court up to $10,000.00 per violation pursuant to K.S.A. §50-634(b) and K.S.A. §50-636 for each and every violation of the Kansas Consumer Protection Act;

c.      Award costs and reasonable attorneys' fees, pursuant to K.S.A. §50-634; and

d.      Such other and further relief as the Court deems just and equitable.

7

Respectfully Submitted,

ATTORNEYS FOR PLAINTIFF

A.J. STECKLEIN #16330
MICHAEL RAPP # 25702
Consumer Legal Clinic, LLC
748 Ann Ave
Kansas City, KS 66101
Telephone:  (913) 371-0727
Facsimile:  (913) 371-0147
Email:  aj@kcconsumerlawyer.com
mr@kcconsumerlayer.com



Midland Credit Management, Inc.
8875 Aero Drive
Suite 200
San Diego, CA 92123

Contact Information:
Hours of Operation:   M – Th 6am – 7:30pm
Fri 6am – 4pm
Sat 6am – 11am
Sun 6am – 1:30am Mountain Time

Original Creditor:        Capital One
Original Account No.:    580003978608

MCM Account No.:       8537606324
Current Balance:         $1,698.17

Barbara Ford
6431 Freeman Ave
Kansas City, KS  66102-1156

Please direct any correspondence to
8875 Aero Drive, Suite 200 San Diego, CA 92123
and include Account Number.

04-09-2014

Please send payments to PO Box 60578, Los
Angeles, CA 90060-0578

RE: Capital One

## STATEMENT

| Account # 8537606324 | Statement Date: 04-09-2014 | |
|---|---|---|
| **PAYMENT DUE 04-30-2014**<br><br>Please understand that if we do not receive the payment amount by the due date as previously agreed upon, your agreed upon payment arrangement will no longer be valid. If that happens, you will need to contact Midland to discuss a new payment arrangement. | **Due Date**<br><br>04-30-2014 | |
| | **Current Balance**<br><br>$1,698.17 | *Make Your Check Payable To:*<br><br>Midland Credit Management, Inc. |
| | **Agreed-Upon Settlement Amount**<br><br>$898.81 | |
| | **Payment Amount**<br><br>$25.00 | |
| Last Payment Received<br><br>03-13-2014 | Amount Last Received<br><br>$25.00 | **TOTAL AMOUNT DUE**<br><br>**$25.00** |

The law limits how long you can be sued on a debt. Because of the age of your debt, we will not sue you for it. If you
do not pay the debt, we may continue to report it to the credit reporting agencies as unpaid.

We will report forgiveness of debt as required by IRS regulations.
**PLEASE SEE REVERSE SIDE FOR IMPORTANT DISCLOSURE INFORMATION**
*Please tear off and return lower portion with payment in envelope provided*

## Payment Certificate

MCM Account Number:        8537606324
Original Account Number:    580003978608
Current Balance:            $1,698.17

Due Date:                   04-30-2014
Amount Enclosed: $ _____

**Directions:**

1) Make your check payable to: Midland Credit Management, Inc.
2) Fill out the amount enclosed on the Payment Certificate
3) Place your check and Payment Certificate in the provided envelope
4) Mail Payment Certificate to:

 Midland Credit Management, Inc.
P.O. Box 60578
Los Angeles, CA 90060-0578

0101020015885
0100 0000

12  8537606324  5  0002500  043014  2

GSTM



PLAINTIFF'S
EXHIBIT
A



8875 Aero Drive
Suite 200
San Diego, CA 92123

Hours of Operation: M – Th 6am – 7:30pm
Fri 6am – 4pm
Sat 6am – 11am
Sun 6am – 1:30am Mountain Time

| | |
|---|---|
| Original Creditor: | Capital One |
| Original Account No.: | 580003978608 |
| | |
| MCM Account No.: | 8537606324 |
| Current Balance: | $1,723.17 |

Barbara Ford
6431 Freeman Ave
Kansas City, KS 66102-1156

Please direct any correspondence to
8875 Aero Drive, Suite 200 San Diego, CA 92123
and include Account Number.

02-24-2014

Please send payments to PO Box 60578, Los
Angeles, CA 90060-0578

RE: Capital One

---

## STATEMENT

| **Account # 8537606324** | **Statement Date: 02-24-2014** | |
|---|---|---|
| **PAYMENT DUE**<br>**02-28-2014**<br><br>Please understand that if we do not receive the payment amount by the due date as previously agreed upon, your agreed upon payment arrangement will no longer be valid. If that happens, you will need to contact Midland to discuss a new payment arrangement. | Due Date<br><br>02-28-2014 | *Make Your Check Payable To:* |
| | Current Balance<br><br>$1,723.17 | Midland Credit Management, Inc. |
| | Agreed-Upon Settlement Amount<br><br>$898.81 | |
| | Payment Amount<br><br>$25.00 | |
| Last Payment Received<br><br>02-13-2014 | Amount Last Received<br><br>$25.00 | **TOTAL AMOUNT DUE**<br><br>**$25.00** |

The law limits how long you can be sued on a debt. Because of the age of your debt, we will not sue you for it. If you do not pay the debt, we may continue to report it to the credit reporting agencies as unpaid.

We will report forgiveness of debt as required by IRS regulations.
**PLEASE SEE REVERSE SIDE FOR IMPORTANT DISCLOSURE INFORMATION**
*Please tear off and return lower portion with payment in envelope provided*

## Payment Certificate

| | |
|---|---|
| MCM Account Number: | 8537606324 |
| Original Account Number: | 580003978608 |
| Current Balance: | $1,723.17 |
| Due Date: | 02-28-2014 |
| Amount Enclosed: $ | |

### Directions:

1) Make your check payable to: Midland Credit Management, Inc.
2) Fill out the amount enclosed on the Payment Certificate
3) Place your check and Payment Certificate in the provided envelope
4) Mail Payment Certificate to:

 Midland Credit Management, Inc.
P.O. Box 60578
Los Angeles, CA 90060-0578


0101920019261
0100 0000

12 8537606324 5 0002500 022814 0                    GSTM

**Consumer Legal Clinic, LLC**
748 Ann Avenue
Kansas City, Kansas 66101





7013 2250 0002 3175 3997

Midland Credit Management Inc.
Registered Agent:
Corporation Service Company
2900 SW Wanamaker Drive, Suite 204,
Topeka, Kansas 66614